349 So.2d 196 (1977)
The STATE of Florida, Appellant,
v.
Michael VISCITO, Joseph Covello, Joseph Ippolito, Anthony Romano and Barry Mark, Appellees.
Nos. 76-1460, 76-1461, 76-1462 and 76-1895.
District Court of Appeal of Florida, Third District.
July 19, 1977.
Rehearing Denied September 14, 1977.
Robert L. Shevin, Atty. Gen., and Linda Collins Hertz, Asst. Atty. Gen., for appellant.
Varon, Stahl, Kay & Roderman and Steadman S. Stahl, Jr., Hollywood, for Viscito.
P.D. Aiken, Fort Lauderdale, for Covello.
Max Lurie, Miami, for Ippolito.
Kogen & Kogan and Geoffrey C. Fleck, Miami, for Romano and Mark.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
The State of Florida appeals the orders dismissing four separate informations filed against the defendant-appellees by Philip S. Shailer, State Attorney of the 17th Judicial Circuit, on the ground that Executive Order 76-4 under which he was acting was invalid.
*197 On May 28, 1975 the Governor, pursuant to Section 27.14, Florida Statutes (1974), issued Executive Order (hereinafter E.O.) 75-27 assigning Philip Shailer, State Attorney of the 17th Judicial Circuit, to discharge the duties of the State Attorney of the 11th Judicial Circuit with respect to the prosecution of certain named individuals who had been indicted by the Second Statewide Grand Jury. Thereafter, by E.O. 75-36 of July 31, 1975, the Governor expanded E.O. 75-27 by providing Philip Shailer with the authority to investigate and prosecute all individuals indicted by the Second Statewide Grand Jury where venue lies in Dade County, Florida (the 11th Judicial Circuit). Subsequently, E.O. 75-27 as amended by E.O. 75-36 was extended until January 27, 1976 by the Governor on July 28, 1975 in E.O. 75-40.
On February 10, 1976 the Governor issued E.O. 76-4, reissuing E.O 75-27 and all subsequent related Executive Orders (i.e. 75-36, 75-40, 75-56) and extending Philip Shailer's assignment thereunder until August 9, 1976. On February 24 the Florida Supreme Court issued an "Order Approving Extended Assignment" of Shailer. Thereafter, on March 4, 1976 Shailer filed an amended information against defendant-appellees Anthony Romano and Barry Mark for various gambling violations. Likewise, on March 22 a similar information was filed against defendant-appellees Michael Viscito and Joseph Covello. Also, on March 22 Shailer filed an information against defendant-appellees Joseph Ippolito and Michael Viscito for gambling violations. Upon various motion, these informations were dismissed as to the above defendants on the ground that since the first extension of E.O. 75-27 had expired on January 27, 1976, the issuance of E.O. 76-40 on February 10, 1976 could not serve to revive it and, therefore, Shailer was without authority to file the above informations. The State appeals these dismissal orders and basically contends the authority of the assigned state attorney should have been tested by quo warranto proceedings. We agree.
Our Supreme Court in Hart v. State, 144 Fla. 409, 420, 198 So. 120, 125 (1940) held that "if the power and authority of an assigned state attorney is to be tested, it should be done in direct proceedings by quo warranto." See also State, ex rel. Christian v. Austin, 302 So.2d 811 (Fla. 1st DCA 1974). Defendants having failed to pursue this method in attacking the informations filed against them on the ground that Philip Shailer, the assigned attorney was without authority, the orders of dismissal appealed are reversed and the causes remanded to the trial court for further proceedings.
Reversed and remanded.