349 So.2d 820 (1977)
George CAREY, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-731.
District Court of Appeal of Florida, Third District.
September 13, 1977.
*821 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony Musto, Asst. Atty. Gen. for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
HENDRY, Chief Judge.
Appellant, defendant below, appeals his conviction and sentence for the "Sale or Delivery, or Possession With Intent to Sell, a Controlled Substance" in violation of Section 893.13, Florida Statutes (1975).
Appellant was charged by information filed October 6, 1975, with violations of the above statute. That same day, an executive order of the Governor of the State of Florida was filed in the Office of the Clerk of the Sixteenth Judicial Circuit in and for Monroe County, Florida. The order, number 75-52, assigned the State Attorney of the Eleventh Judicial Circuit to prosecute certain specified criminal cases in the Sixteenth Judicial Circuit.[1] Appellant was among the named defendants in the order.
A second information was thereupon filed on October 29, 1976, charging appellant with two counts of sale, delivery, or possession with intent to sell or deliver a controlled substance. That second information is set forth as follows:
 "IN THE CIRCUIT COURT, In and for the Sixteenth Judicial
 Circuit of the State of Florida
 "____________, 1975
 "THE STATE OF FLORIDA INFORMATION FOR
 I. SALE OR DELIVERY
 vs. OF CONTROLLED
 SUBSTANCE
 II. SALE OR DELIVERY
 "GEORGE KENNETH CAREY OF CONTROLLED
 SUBSTANCE
 ___________________________
"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:
"EDWARD CARHART, Assistant State Attorney for the Sixteenth Judicial Circuit, prosecuting for the State of Florida in the said Judicial Circuit, under oath, information makes that GEORGE KENNETH CAREY in the County of Monroe and State of Florida, on the 4th day of August, 1975, in the County and State aforesaid, did unlawfully and feloniously sell, deliver, or possess with intent to sell or deliver to LARRY DOLLAR, a controlled substance, to-wit: HEROIN, in violation of 893.13 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
"And the said EDWARD CARHART, Assistant State Attorney for the Sixteenth Judicial Circuit, prosecuting for the State of Florida in the said Judicial Circuit, under oath, further information makes that GEORGE KENNETH CAREY in the County of Monroe and State of Florida on the 4th day of AUGUST, 1975, in the County and State aforesaid."
The state entered a nolle prosequi as to the first information on December 16, 1975. Appellant filed a motion to dismiss the second information which was subsequently denied by the court.
The case proceeded to trial whereupon, at its conclusion, the jury returned a verdict of guilty. Adjudication was withheld. Postverdict motions for judgment of acquittal and for new trial were denied, and appellant *822 was adjudicated guilty and sentenced to fifteen (15) years imprisonment. This appeal follows.
Appellant raises two points on appeal. The first point alleges error on the part of the trial court in denying appellant's motion to dismiss the information. The second point claims that the trial court erroneously admitted into evidence the controlled substance allegedly sold by appellant. We now examine these points.
In alleging error on the part of the court in denying his motion to dismiss the information, appellant contends that (1) the information was signed by an individual without the legal authority to do so and (2) the information failed to allege the essential facts, in violation of Fla.R.Crim.P. 3.140(d)(1).
Initially, we note that the information was signed and sworn to by Edward Carhart, as "Assistant State Attorney, Sixteenth Judicial Circuit of Florida." As such, appellant argues, Mr. Carhart derived his authority only from the State Attorney for the Sixteenth Judicial Circuit, who had been disqualified by virtue of the aforementioned executive order of the Governor.[2] Appellant contends that the executive order only empowered the State Attorney for the Eleventh Judicial Circuit, Mr. Gerstein, to sign informations for these particular prosecutions in the Sixteenth Judicial Circuit. Appellant concludes by stating that because Mr. Carhart derived his authority from the disqualified State Attorney for the Sixteenth Judicial Circuit, the information as signed was invalid.
For the following reason, we shall refrain from ruling on the above contention. The law is clear in this state that when the power and authority of an assigned state attorney is tested, it should be done in direct proceedings by quo warranto, and not by appeal. Austin v. State ex rel. Christian, 310 So.2d 289 (Fla. 1975); Hart v. State, 144 Fla. 409, 198 So. 120 (1940); State v. Viscito, 349 So.2d 196 (Fla.3d DCA 1977), opinion filed July 19, 1977. We see no reason, and none has been offered by counsel, why the above proceeding should not be utilized when challenging the power and authority of an assistant state attorney, who allegedly derives his authority from the assigned state attorney. Therefore, it is our opinion that appellant has waived his right of review on the above contention.
Addressing ourselves to the question of whether the information was defective for failure to allege the essential facts we turn to Fla.R.Crim.P. 3.140(o), which provides:
"Defects and Variances: No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."
After reviewing the information which was filed against appellant, it is our opinion that it fully apprised appellant of the offense with which he was charged and was written in substantial compliance with the language of the statute appellant had allegedly violated. Machin v. State, 270 So.2d 464 (Fla.3d DCA 1972); State v. Bruno, 107 So.2d 9 (Fla. 1958). We therefore find no error on the part of the trial court in denying the motion to dismiss said indictment.
Appellant's final point concerns the introduction into evidence of the controlled substance (heroin) allegedly sold by appellant to the undercover agent named in the *823 indictment. Appellant claims error on the part of the trial court in admitting the substance into evidence over his objection on the ground that the state did not prove a proper chain of custody of the heroin from the time the agent received it to the time of trial. Appellant contends that there was sufficient evidence of tampering with the contraband so as to successfully raise an objection on the basis of chain of custody, i.e., the amount of heroin introduced into evidence at time of trial was allegedly less than had been purchased by the agent.
In that the record does not support any evidence of tampering with the heroin, we cannot say that it was error for the trial court to admit same into evidence. We therefore must reject any challenge to the introduction of the heroin on the basis of chain of custody. Stevens v. State, 245 So.2d 92 (Fla.1st DCA 1971); Stunson v. State, 228 So.2d 294 (Fla.3d DCA 1969).
Accordingly, after reviewing the record, briefs and arguments of counsel, it is our opinion that appellant has failed to demonstrate reversible error. As such, appellant's conviction and sentence are hereby affirmed.
Affirmed.
NOTES
[1] The executive order provided, in part, as follows:

"WHEREAS, the persons indicted for crimes include public officials and the Governor has received allegations of official misconduct on the part of public officials in said circuit, and "WHEREAS, the Honorable J. Edward Worton, State Attorney of the Sixteenth Judicial Circuit, who has investigated these crimes has advised that he previously represented Artemio Crespo as a private attorney, and
"WHEREAS, the Honorable J. Edward Worton, in view of his close connection with Artemio Crespo, and the appearance of what might be a conflict of interest, has requested that all these cases, which are interrelated, be promptly and thoroughly investigated, and prosecuted by a State Attorney specifically assigned from another circuit ..." [Emphasis added.]
[2] Mr. Carhart, who is an Acting State Attorney for the Eleventh Judicial Circuit, had been sworn in as an Assistant State Attorney for the Sixteenth Judicial Circuit to aid the State Attorney for Eleventh Judicial Circuit in the prosecution of the various defendants named in the executive order.