384 So.2d 1269 (1980)
STATE of Florida, Appellant,
v.
Talmadge Wayne WHIDDON a/K/a Buddy Whiddon, Horace Cullen Williams a/K/a Buster Williams, Linda Pippen, Leonard Nelson, James Catrett, Terry Williams, Roger Van Fleet, Floyd Allen Simpson, Delmer Stringfield a/K/a "Peewee" Stringfield, and Adrian Collins, Appellees.
No. 55741.
Supreme Court of Florida.
July 17, 1980.
*1270 Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Clifford L. Davis, Tallahassee, for Talmadge Wayne Whiddon.
Arthur N. Eggers, Tampa, for Horace Cullen Williams.
Jack O. Johnson, Public Defender, and Karal B. Rushing, Asst. Public Defender, Bartow, for Terry Williams and Adrian Collins.
John Demmi, Tampa, for Roger Van Fleet.
Wayne S. Timmerman, Tampa, for Floyd Allen Simpson.
Pat Whitaker, Tampa, for Delmer Stringfield.
No appearance for Linda Pippen, Leonard Nelson and James Catrett.
OVERTON, Justice.
This is an appeal from a trial court order holding section 943.462, Florida Statutes, known as the Racketeer Influenced and Corrupt Organization [RICO] Act, unconstitutional as applied to appellees. We have jurisdiction under article V, section 3(b)(1), as it existed prior to April 1, 1980, and we reverse in part. We find the RICO Act may be imposed constitutionally as long as one act occurred after the effective date. It cannot, however, be retroactively applied when none of the alleged acts occurred after the effective date.
Appellees, Talmadge Wayne Whiddon, Horace Cullen Williams, Linda Pippen, Leonard Nelson, James Catrett, Terry Williams, Roger Van Fleet, Floyd Allen Simpson, Delmer Stringfield, and Adrian Collins, were indicted by the Third Statewide Grand Jury for violation of the RICO Act, section 943.462, Florida Statutes. In nine additional counts appellees were individually charged with various offenses, distinct from the RICO charge, of grand theft, grand larceny, burglary, arson, and arson to defraud.
The instant indictment charges in Count I that the ten named appellees violated RICO by:

*1271 ... constituting and being associated with an enterprise, to-wit: a group of individuals associated in fact for the purpose of engaging in ... criminal activities, did ... participate . . in said enterprise through a pattern of racketeering activity.
The RICO Act became effective October 1, 1977. Whiddon and Horace Williams were charged under RICO for acts occurring subsequent to its effective date, specifically between November, 1977, and January, 1978. The remaining eight appellees were charged for various acts, all occurring prior to the Act's effective date, specifically in a period between June, 1976, and June, 1977.
The trial judge (1) dismissed the RICO charge, count one, as to all appellees on grounds of unconstitutional application because the indictment failed to allege the statutorily required pattern of racketeering activity; (2) dismissed the RICO charges as to eight appellees on the basis of improper retroactive application because no acts were alleged to have occurred after the effective date of the statute; (3) dismissed counts two through ten without prejudice as to all appellees because each count constituted a single-county offense over which a statewide grand jury has no jurisdiction.
We find the trial court was correct in its application of the law as to grounds two and three, but was in error in dismissing the RICO charge because of a failure to properly allege a pattern of racketeering activity as to appellees Whiddon and Horace Williams.
The trial court dismissed the RICO charge as to appellees Pippen, Nelson, Catrett, Williams, Fleet, Simpson, Stringfield, and Collins, because there was no allegation of an act of racketeering after the effective date of the statute, October 1, 1977. The state contends that no specific act need be alleged after the effective date because the defendants were part of an ongoing enterprise. We hold that under the statute two offenses must be proven and only one must have occurred after the effective date. We cannot extend the statute further. We find the trial court properly rejected the state's proposed wholly retroactive application.
We further hold the trial court correctly dismissed counts two through ten because only single-county offenses were alleged. The state concedes that existing precedent requires allegations of multicounty activity to support statewide grand jury jurisdiction. McNamara v. State, 357 So.2d 410 (Fla. 1978). We reject the state argument to reconsider that opinion.
As to appellees Whiddon and Horace Williams, we find the trial court erroneously dismissed count one on the grounds that no "enterprise" was alleged or established within the meaning of the statute. Appellees argue that beyond the mere citation to the statutory language, the state has totally failed to describe or even suggest exactly what the criminal enterprise was or how it operated. They assert that the mere listing of a series of thefts and fires in the indictment, even granted the statutory language, fails to sufficiently allege a criminal enterprise within the meaning of the statute. We disagree.
The indictment closely tracked the language of the statute, and alleged the existence of an "enterprise." We note the term "enterprise" is defined by statute and thus appellees were on notice as to that aspect of the charge. § 943.461(3), Fla. Stat. We have recently held the term "enterprise" as defined is sufficiently clear of itself to preclude any vagueness attack; Moorehead v. State, 383 So.2d 629 (Fla. 1980). While we have not previously addressed the overall sufficiency of a charging instrument under RICO, we note that the federal courts have examined indictment sufficiency under the federal RICO statute, 18 U.S.C. §§ 1961-68, after which the Florida Act is closely patterned. See Note, Racketeers and Non-Racketeers Alike Should Fear Florida's *1272 RICO Act, 6 F.S.U.L.Rev. 483 (1978). The Fifth Circuit has found an indictment similar to that in the instant case to be legally sufficient. United States v. Elliott, 571 F.2d 880 (5th Cir.1978). Cognizant that Florida Rule of Criminal Procedure 3.220 provides a defendant with full discovery, which is unavailable in federal court, defendants Whiddon and Williams are in a much better position in terms of knowledge of the charges than are their federal counterparts. Consistent with the Fifth Circuit opinion, we hold that an instrument charging a RICO violation need not specify the relationship among crimes or defendants on its face. If the instrument tracks the statute and alleges the existence of a criminal "enterprise," defendants are sufficiently on notice as to the nature of the charge. We find this indictment sufficient to charge a RICO offense against Whiddon and Horace Williams.
For the reasons expressed, we reverse the dismissal of the RICO charge against appellees Whiddon and Horace Williams and affirm the trial court's dismissal of the remaining charges as to all appellees. We remand to the trial court for further proceedings in accordance with this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND and ALDERMAN, JJ., concur.