ALDERMAN, Justice.
The State of Florida charged Donald E. Cantrell, Shirley Lee Lovell, and Raymond C. Lovell with violation of section 943.462(3) of the Florida RICO (Racketeer Influenced and Corrupt Organizations) Act, Florida Statutes (1977). This section makes it “unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.” The racketeering activity alleged was several violations of section 796.07, the prostitution statute, and section 847.07, the obscene literature statute. The appellants pleaded not guilty and moved to dismiss the information and to suppress certain evidence seized at the Lovell residence pursuant to a search warrant. These motions were denied. The appellants then changed their pleas to nolo contendere, reserving the right to appeal. We have jurisdiction because the trial court passed on the validity of section 943.462(3) in denying the motion to dismiss the information. Art. V, § 3(bXl), Fla.Const. (1972).
The appellants contend that the trial court erred in failing to dismiss the information on the grounds that it was based on *978 an unconstitutionally vague statute and that the statute was unconstitutionally applied to the conduct the appellants are alleged to have committed. We have previously found section 943.462(3) constitutional. Carlson v. State, 405 So.2d 173 (Fla.1981); State v. Whiddon, 384 So.2d 1269 (Fla.1980); Moorehead v. State, 383 So.2d 629 (Fla.1980). Appellants have presented nothing to convince us we should reach a different conclusion in this case.
The appellants also contend that the trial court erred in denying appellants’ motion to dismiss on the grounds that the information was vague, indistinct, and indefinite. This contention is without merit. The language of the information tracked the language of the statute and sufficiently alleged the existence of a criminal “enterprise.” The information was sufficient to charge a violation of section 943.462(3). State v. Whiddon, 384 So.2d 1269 (Fla.1980).
The appellants’ contention that the trial court erred in accepting their nolo conten-dere pleas in the absence of the showing of a sufficient factual basis is not supported by the record.
Finally, because it does not affirmatively appear from the record that it would be dispositive of these cases, we need not consider the merits of appellants’ contention that the trial court erred in denying their motion to suppress on the ground that the warrant authorizing search of appellants Lovell’s residence was unconstitutionally deficient. Brown v. State, 376 So.2d 382 (Fla.1979). Although the trial judge knew that the appellants wanted to reserve the right to appeal this issue, he specifically advised appellants’ counsel that he “had not made any finding as to whether or not those previous motions were dispositive of the issues. That’s between you and the appellate court. I made no finding in that regard.” The record does contain an excerpt from the proceedings before the trial court on September 6, 1979, when the nolo contendere pleas were entered. At that time, the prosecutor gave a long and detailed factual statement of what the State intended to prove and represented to the court that these facts were not obtained as “a result of the search warrant which was executed on May 22nd.”
Accordingly, the convictions are affirmed.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.