548 So.2d 746 (1989)
William ZANGER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1272.
District Court of Appeal of Florida, Fourth District.
August 30, 1989.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joy B. Shearer, on the brief, West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant, William Zanger, was tried and convicted on several felony counts and sentenced to life imprisonment. The Information by which he was charged related to a single criminal episode occurring in Broward County, Florida. Extrinsic evidence discloses that the criminal episode in question is one of several predicate crimes upon which a RICO information has been filed in Dade County. This relationship to other crimes is not disclosed on the face of the Information in the present case, which was prepared by a Designated Assistant Statewide Prosecutor. The issue is whether the Information is thereby rendered fatally defective. We hold that it is defective.
The statewide prosecutor is a creature of Florida Statutes and the Florida Constitution. Article IV, section 4(c), states in part:
There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law.
*747 Section 16.56(1)(a), Florida Statutes (1987), further explains that the office of statewide prosecutor may:
Investigate and prosecute the offenses of bribery, burglary, criminal fraud, criminal usury, extortion, gambling, kidnapping, larceny, murder, prostitution, perjury, and robbery; of crimes involving narcotic or other dangerous drugs; of any violation of the provisions of the Florida RICO (Racketeer Influenced and Corrupt Organization) Act; ... or of any attempt, solicitation, or conspiracy to commit any of the crimes specifically enumerated above. The office shall have such power only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits.
It seems relatively clear that the statewide prosecutor has the power to prosecute crimes only if they involve two or more judicial circuits and are either part of a related transaction or part of an organized criminal conspiracy.
The question is whether the provisions in the statutes and constitution require the statewide prosecutor to show on the face of the information that the offense occurred in two or more circuits or whether it need be shown at all and, if so, whether it can be shown by extrinsic evidence. Appellant seeks to analogize two cases involving a similar issue in the context of an indictment handed down by the statewide grand jury.
The statewide grand jury is a creature similar to the statewide prosecutor also born of the Florida Statutes. The legislative intent is described as follows:
It is the intent of the Legislature in enacting this act to strengthen the grand jury system and enhance the ability of the state to detect and eliminate organized criminal activity by improving the evidence-gathering process in matters which transpire or have significance in more than one county.
§ 905.32, Fla. Stat. (1987).
Furthermore, the subject matter jurisdiction of the statewide grand jury parallels that of the statewide prosecutor's with regard to crimes which can be indicted or prosecuted, to wit:
when any such offense is occurring or has occurred, in two or more judicial circuits as part of a related transaction or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits.
§ 905.34, Fla. Stat. (1987).
Two cases have interpreted this language. In State v. Ostergard, 343 So.2d 874 (Fla. 3d DCA 1977), the defendants were indicted by a statewide grand jury for gambling offenses and moved to dismiss the indictments because they involved only crimes occurring in Dade County. (The 1977 version of section 905.34 was substantially similar to the above except that it used the term "counties" instead of "judicial circuits.") The third district found that the indictments were defective and held that absent the proper jurisdictional allegations on the face of the indictments, the statewide grand jury was without authority to properly indict the defendants and dismissal was proper.
The second case is McNamara v. State, 357 So.2d 410 (Fla. 1978), where the defendant was indicted by a statewide grand jury for a gambling offense which occurred in only one county. The supreme court approved the holding in Ostergard, specifically quoting large portions of the opinion, including Judge Barkdull's special concurrence wherein he noted:
The jurisdiction of the Statewide Grand Jury is limited to certain crimes which have "* * * occurred, in two or more counties as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more counties." Section 905.34, Fla. Stat. It has no more right to indict for a crime committed in a single county than a Grand Jury for the Eleventh Judicial Circuit in and for Dade County would have the right to indict for a crime committed in the Broward circuit. *748 The Legislature might have given the statewide Grand Jury such power, but it did not.
Ostergard, 343 So.2d at 877 (Barkdull, J., specially concurring).
We therefore hold, preliminarily, that the statewide prosecutor has jurisdiction only in cases involving crimes which implicate more than one judicial circuit. The remaining question, alluded to earlier, is whether this jurisdictional element must appear on the face of the information.
The general rule, which has developed in the context of jurisdiction of a particular court to try a particular case, is that jurisdiction is to be determined solely from the face of the information. McLean v. State, 23 Fla. 281, 2 So. 5 (1887); State v. Vazquez, 450 So.2d 203 (Fla. 1984); Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985); Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983). When an indictment or information fails to show that the circuit court had jurisdiction, a conviction based on such indictment or information is void. Ex parte Reed, 101 Fla. 800, 135 So. 302 (1931); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973).
Pope is typical of such cases. In Pope, the defendant pled guilty in circuit court to an information charging him with possession of marijuana. The defendant was convicted of a felony and contended on appeal that he was only amenable to conviction for a misdemeanor. No specific amount of marijuana possessed was alleged in the information nor was it alleged that the defendant had been previously convicted of a similar offense. It was necessary for the state to allege one of these for the offense to be characterized as a felony. The court explained:
Moreover, and more importantly, such allegation is essential to the invocation of the jurisdiction of a felony court over the charge since the allegata of the accusatory writ are precisely the basis in the first instance upon which the court's jurisdiction over the subject matter thereof is predicated. Neither is alleged here and consequently the circuit court, which had felony jurisdiction only, did not acquire jurisdiction of the subject matter. Its judgments in the premises are therefore void
Pope, 268 So.2d at 175 (footnotes omitted). See also Ex parte Reed. Rule 3.140(o), Florida Rules of Criminal Procedure, Defects and Variances, states:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
This rule has been relied on by the supreme court in holding that absent a showing of prejudice to the defendant, a failure to allege venue in an indictment or information is not a defect which will render the charging instrument void. Tucker v. State, 459 So.2d 306 (Fla. 1984). The court in Tucker took care to distinguish jurisdiction from venue, however, noting that there the issue was "solely one of venue, not affecting the power of the court to hear the case but rather addressing the propriety of that particular trial court to hear that particular case." Id. at 308. It appears that an inquiry into prejudice or embarrassment or whether the defendant may have been misled is not appropriate in a case involving an information with a jurisdictional defect as opposed to one merely incorrect as to venue. The general rule, then, is that jurisdiction is to be determined from the face of an indictment or information and any conviction based on an information which does not properly allege jurisdiction is void.
Finding that the Information is fatally defective, we hold that the convictions are void, and reverse and remand without prejudice to the state's right to refile a proper *749 information and to retry appellant on the charges therein.
REVERSED AND REMANDED.
STONE and WARNER, JJ., concur.