677 So.2d 12 (1996)
STATE of Florida, Appellant/Cross-Appellee,
v.
William S. NUCKOLLS, III, et al., Appellees/Cross-Appellants.
No. 94-2429.
District Court of Appeal of Florida, Fifth District.
June 14, 1996.
Rehearing Denied July 31, 1996.
*13 Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
John L. Woodard, III, Sharon Lee Stedman of Sharon Lee Stedman, P.A., Robert A. Leventhal of Leventhal & Slaughter, P.A., and Gregory M. Wilson, Orlando, for Appellees/ Cross-Appellants.
DAUKSCH, Judge.
This is an appeal from an order in which the trial court upheld Count One, racketeering, as legally sufficient and dismissed Count Two, conspiracy to commit racketeering. The state appeals the court's dismissal of Count Two. We affirm. The defendants cross-appeal the court's ruling that Count One is legally sufficient. We reverse. In addition, the defendants contend the trial court did not have jurisdiction to hear certain counts. We hold that the court had jurisdiction to hear the counts.
The state alleges that defendant William Nuckolls sold high mileage cars to small wholesalers who fronted the cars for him after they rolled back the odometers. Defendants Gunter and Rivers allegedly assisted in forging names for duplicate titles. The defendants were charged by Fourth Amended Information with Count One, racketeering;[1] Count Two, conspiracy to commit racketeering;[2] Count Three, organized fraud;[3] Counts Four etc., grand theft;[4] Counts 26 etc., odometer fraud;[5] Counts 44 etc., forgery;[6] Counts 42 etc., title fraud;[7] and Counts 41 etc., notary fraud.[8]
The state filed the Fifth and Sixth Amended Informations after the statute of limitations had run. The defendants filed motions to have the Sixth Amended Information dismissed. The trial court, finding that the charge was substantially changed from Count Two of the Fourth Amended Information, dismissed Count Two, conspiracy to commit racketeering. The court refused to dismiss Count One finding that it was legally sufficient and did not create a substantial change to the charge. Also, the court denied the motion to dismiss the other counts. The issues in this case revolve around the legal sufficiency of the pleadings and therefore we review de novo the trial court's ruling.
The first issue is whether the trial court erred in dismissing Count Two, conspiracy to commit racketeering, of the Sixth Amended Information because it substantially changed the charge. The Sixth Amended Information revised Count One by reducing the number of defendants, limiting the time period, and adding an additional paragraph to the charge. The defendants assert that the state failed to allege "enterprise," an essential element of the crime, in the Information.
We must first consider whether changing the date the conspiracy began substantially changed the charge. The Sixth Amended Information narrowed the date alleged for the beginning of the conspiracy from February 20, 1980 to February 18, 1983. The ending date of the conspiracy remained May 14, 1984. We find that the narrowing of the dates for the conspiracy was not a substantive change. State v. Yzaguirre, 569 So.2d 492 (Fla. 2d DCA 1990).
Next, we must determine whether the changing of the language defining the crime and the addition of a new paragraph in the Sixth Amended Information substantially *14 changed the crime. The Fourth Amended Information charged the defendants:
did agree, conspire, combine or confederate with each other and with persons known and unknown to commit an offense, to wit: Racketeering, as defined in Florida Statute 895.02(3), by association with or becoming employed by an enterprise, being a group of individuals associated in fact, although not a legal entity, for the purpose of engaging in racketeering activities within the meaning of Florida Statute 895.02(1), by committing crimes chargeable by indictment or information under Chapters 812, 817, and 831, Florida Statutes and contrary to Florida Statute 895.03(4), unlawfully, willfully, knowingly conducting or participating, directly or indirectly, in said enterprise through engaging in a pattern of racketeering activity as defined in Florida Statute 895.02(4)....
The Sixth Amended Information changed the wording significantly:
did unlawfully and knowingly agree, conspire, combine or confederate with each other and together with ... or with persons known and unknown, to violate the laws of the State of Florida, to-wit Racketeering, as defined in Florida Statute 895.02(3), which prohibits any person employed by or associated with any enterprise from conducting or participating, either directly or indirectly, in the affairs of said enterprise through a continuous pattern of racketeering activity, within the meaning of Florida Statute 895.02(1) and contrary to Florida Statute 895.03(3), with the intent that such offense would be committed, by engaging in or intending to engage in at least two of the following incidents of racketeering activities....
The Information then listed eighty-six predicate incidents and concluded by adding for the first time:
AND, in furtherance of said conspiracy, the conspirators did agree, either through an express or implied agreement, to purchase high mileage cars and transfer said cars to confederates who would then illegally adjust the cars to a lower mileage so as to increase the value at sale, all the while concealing their doings with forged and falsified documents, all contrary to Florida Statutes 895.03(4).
We find that Count Two was legally insufficient by its failure to adequately allege an "enterprise."
In State v. Whiddon, 384 So.2d 1269 (Fla. 1980) the supreme court held that an Information charging RICO violations was sufficient "if the instrument tracks the statute and alleges the existence of a criminal `enterprise.'" Id. at 1272. The Information in Whiddon stated:
... constituting and being associated with an enterprise, to-wit: a group of individuals associated in fact for the purpose of engaging in ... criminal activities ... participate in said enterprise through a pattern of racketeering activity. (emphasis added)
Id. at 1271; § 895.02(3). The Information in this case did not specifically charge the defendants with being employed by an enterprise and it further failed to define whether it was a legal entity, non-legal entity, or an association in fact.[9]
Florida courts frequently look to the federal judiciary for guidance and assistance when deciding RICO issues. See e.g. State v. Whiddon, 384 So.2d 1269 (Fla.1980). There is a trend in federal courts to subject RICO claims, particularly civil ones, to close scrutiny for specificity in their pleadings. See Samuel J. Buffone, Defending a Civil RICO Case: Motions, Defenses, Strategies, and Tactics, PRAC. L. INST. 5 (1988). Enterprise is a fundamental concept of RICO because the crime is founded on the notion of enterprise liability. Id. It is critical that this element of the offense be adequately pled.
The second issue is whether the trial court erred in failing to dismiss Count One, racketeering, because it failed to adequately plead the element of "enterprise." We find *15 that the Information did substantially change the crime as charged. The Fourth Amended Information stated that the enterprise consisted of "a group of individuals associated in fact, employed by an Enterprise." The Sixth Amended Information broadened the charge to include one of two different enterprises. It stated the enterprise consisted of "multiple enterprises or corporations ... or a group of individuals which was associated in fact, although not a legal entity." This wording did not put the defendants on notice as to which type of enterprise they were charged with participating in.
The third issue is whether the trial court erred in not dismissing certain counts in the Information because it lacked jurisdiction. The defendants base this claim on the statewide prosecutor's failure to allege in particular counts that the crimes occurred in or affected two or more judicial circuits. See Art. IV, § 4(c); § 16.56(1)(a) Fla. Stat. (Supp.1992). The state alleged at the end of Sixth Amended Information:
AND SAID OFFENSES OCCURRED IN TWO OR MORE JUDICIAL CIRCUITS AS PART OF A RELATED TRANSACTION OR WERE COMMITTED IN CONNECTION WITH AN ORGANIZED CRIMINAL CONSPIRACY AFFECTING TWO OR MORE JUDICIAL CIRCUITS.
We find this fulfills the jurisdictional requirements for the statewide prosecutor.
AFFIRMED in part; REVERSED in part and REMANDED.
PETERSON, C.J., and COBB, J., concur.
NOTES
[1] § 895.03(3), Fla.Stat.
[2] § 895.03(4), Fla.Stat.
[3] § 817.036, Fla.Stat.
[4] § 812.014(2), Fla.Stat.
[5] § 319.35(1)(a), Fla.Stat.
[6] § 831.01, Fla.Stat.
[7] § 319.33(1)(e), Fla.Stat.
[8] § 117.09(2), Fla.Stat.
[9] § 895.02(3) provides:

"Enterprise" means any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity.