PER CURIAM.
The state appeals an Order on Defendants’ Omnibus Motion to Dismiss Amended Information, which struck several predicate incidents and dismissed certain counts of an eighty-two count amended information charging the seven defendants with Racketeer Influenced and Corrupt Organizations Act violations (RICO) and loan broker fraud violations. We affirm in part and reverse in part.
The amended information charged the defendants with one count of racketeering, one count of conspiracy to commit RICO violations (count 2), one count of conspiracy to commit grand theft (count 82), and several counts of grand theft, loan broker fraud, and unlawful advance fee. In their motion to dismiss, the defendants sought dismissal of various predicate offenses on the basis that the “relating to” clauses following each of the chapter and/or section numbers in the definition of “racketeering activity” contained in section 895.02(1), Florida Statutes (1993), were intended by the legislature to restrict the crimes chargeable as predicate offenses. Because section 895.02(l)(a)ll. defines racketeering activity to include any crime chargeable by indictment or information under “Chapter 687, relating to interest and usurious practices,” (emphasis supplied), the defendants argued the legislature intended that only those crimes in chapter 687 relating to interest and usurious practices would fit within the definition of racketeering activity. They argued the various predicate offenses of the information that related to collection of an advance fee from a borrower and loan broker fraud did not “relate to” interest and usurious practices, and therefore did not fall within the definition of “racketeering activity.” The trial court agreed with the defendants, and we affirm. See State v. Kessler, 626 So.2d 251 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 627 (Fla.1994).
We also agree with the trial court’s decision to strike predicate GGGG and count 82 because these provisions fail to apprise the defendants of the nature of the theft or the object of the conspiracy as required by State v. Smith, 240 So.2d 807 (Fla.1970). Count 82 and GGGG allege a conspiracy in the most general terms. Without more specific allegations, the trial court correctly concluded these provisions did not allow the defendants to prepare a defense and exposed them to substantial danger of a new prosecution after conviction or acquittal.
Finally, the trial court dismissed count 2 on the basis this count did not specify which subsection of section 895.03 the defendants were charged with conspiring to commit, and failed to include statutory citation to specific racketeering offenses. We reverse because count 2 of the instant information alleged an enterprise and specifically tracked the language of section 895.03(3). An instrument charging a violation of the RICO Act “need not specify the relationship among crimes or defendants on its face. If the instrument tracks the statute and alleges the existence of a criminal ‘enterprise,’ defendants are sufficiently on notice as to the nature of the charge.” State v. Whiddon, 384 So.2d 1269 (Fla.1980).
AFFIRMED IN PART and REVERSED IN PART.
STEVENSON and TAYLOR, JJ., concur.