JORGENSON, Judge.
In a consolidated action, Miami-Dade County appeals from two orders determin *116 ing that it is responsible for paying the costs associated with prosecutions brought by the Statewide Prosecutor for the State of Florida. For the following reasons, we reverse.
The Statewide Prosecutor for the State of Florida drafted criminal informations from her office in Broward County. The informations charged various defendants with Medicaid fraud offenses that were alleged to have occurred in the Fifth, Sixth, Eleventh, Thirteenth, Fifteenth, Eighteenth, and Nineteenth Judicial Circuits. The offenses allegedly were part of related transactions in a criminal conspiracy that occurred in, or affected, two or more judicial circuits. Every count alleged that the offense occurred in Dade County and the Eleventh Circuit. The Statewide Prosecutor brought the charges solely in the Eleventh Circuit in Dade County.
In April 1998, the Statewide Prosecutor filed a “Motion for Order Approving Payment of Prosecution Costs by Dade County” in one proceeding; she filed a similar motion in December 1998 in the second proceeding. The motions sought payment by Dade County for witness and travel expenses of the prosecution’s witnesses. Neither motion cited any authority for charging those expenses to Dade County. At the hearings on the motions, the Statewide Prosecutor argued that there was no statutory or constitutional authority that would allow her office to pay for the witnesses, and suggested that payment come from the County’s fíne and forfeiture fund. The claimed costs amounted to $357.15. The trial courts granted the motions; the County appeals.
There is no dispositive authority on this issue. No statute or constitutional provision directly controls; no other district has addressed this specific quandary.
The office of the Statewide Prosecutor has its origins in the Florida Constitution.
There is created in the office of the attorney general the position of statewide prosecutor. The statewide prosecutor shall have concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law. The statewide prosecutor shall be appointed by the attorney general from not less than three persons nominated by the judicial nominating commission for the supreme court, or as otherwise provided by general law.
Art. IV, § 4(c).
When the Florida Legislature implemented the constitutional provision, it tracked the language of Article IV. See § 16.56, Fla. Stat. (1997). The Statewide Prosecutor only has jurisdiction over crimes that “involve two or more judicial circuits and are either part of a related transaction or part of an organized criminal conspiracy.” Zanger v. State, 548 So.2d 746, 747 (Fla. 4th DCA 1989). In Zanger, the fourth district noted that “[t]he statewide grand jury is a creature similar to the statewide prosecutor also born of the Florida Statutes” and that “the subject matter jurisdiction of the statewide grand jury parallels that of the statewide prosecutor’s with regard to crimes which can be indicted or prosecuted.” Id. at 747. Section 905.40, Florida Statutes (1997), provides that the “costs and expenses incurred by the statewide grand jury in the performance of its functions and duties shall be paid by the state out of funds appropriated to the circuit courts.” (emphasis added). It has long been recognized that a prosecutor sits as a “one-man grand jury” for the purpose of investigating and filing informations. See Imparato v. Spicola, 238 So.2d 503, 506 (Fla. 2d DCA 1970). The Statewide Prosecutor fulfills that same role, although her jurisdiction is obviously statewide, and its limits are detailed in the constitution and by statute. Therefore, in the absence of any *117 statutory or constitutional provision that directly authorizes either the state or the county to pay these particular costs, or specifically prohibits either the State or County from paying these costs of the Statewide Prosecutor, we hold that the State, and not the county in which the action was filed, bears the costs of the actions brought by the Statewide Prosecutor. Our conclusion is buttressed by the Commentary to the 1998 constitutional revisions: “The effect of this revision was to clearly and substantially shift the burden of the of [sic] funding the state courts system from the counties to the state.” William A. Buzzett & Deborah K. Kear-ney, Commentary to the 1997-1998 Constitution Revision Commission Revision 7, Art. V § 14, Fla. Const. (1998) (emphasis added).
Reversed and remanded for further proceedings consistent with this opinion.
FLETCHER, J., concurs.