SHEVIN, Judge.
These consolidated cases, arise from orders denying, in State v. Garcia, and granting, in Miami-Dade County v. Jaen, the State’s motions to tax costs associated with prosecuting these cases in Miami-Dade County. The motions sought to tax costs against the County. Because we hold that the State is responsible for the costs, we affirm the order denying costs and reverse the order granting costs.
In the Garcia case, the State filed an information against Garcia in Miami-Dade county court. Pursuant to executive assignment, see § 27.14(1), Fla. Stat. (1999), the State Attorney for the Seventeenth Judicial Circuit was appointed to prosecute the case. The State filed a motion seeking to recover from the County the costs incurred for translating recorded conversations in order to prepare for trial and to comply with discovery obligations. The trial court denied the motion. The State appeals.[1]
In the Jaen case, the State Attorney from the Seventeenth Judicial Circuit was appointed pursuant to section 27.14(1) to prosecute the action against Jaen in Miami-Dade circuit court. The State filed a motion to tax costs against the County for translations for the State’s trial preparation. In this case, the trial court granted the motion. The County appeals.
In Milligan v. Palm Beach County Board of County Commissioners, 704 So.2d 1050 (Fla.1998), the Florida Supreme Court held that counties are not responsible for court-related costs unless the legislature had explicitly mandated that the county pay for same. “At common law, counties were not liable for any costs and their liability for costs depends solely on statutes.” Dade County v. Sansom, 226 So.2d 278, 279 (Fla. 3d DCA 1969). Hence, absent clear statutory language to the contrary, the State is responsible for the costs it incurs in prosecuting a case.
Section 27.15(2) expressly provides that in cases such as the one before us, when the State Attorney is appointed to go beyond its jurisdiction, “the expenses incurred shall be borne by the state and shall be paid from the appropriation pro *23 vided by the state for circuit courts.” This court recently construed strikingly similar language in section 905.40, to hold that costs incurred by the Statewide Prosecutor were to be borne by the State. See Miami-Dade County v. State, 754 So.2d 115 (Fla. 3d DCA 2000).[2] Similarly, we find that in cases where, by executive assignment, the State Attorney from one judicial circuit is appointed to prosecute a case in another judicial circuit, and there is no express statutory language reposing responsibility for payment of the State Attorney’s prosecutorial expenses on the County, the language in section 27.15(2) controls and directs that payment shall be by the State.
Based on the foregoing, we reverse the order in Miami-Dade County v. Jaen, and affirm the order in State v. Garcia.

. In the exercise of our discretion, we accept jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160(e)(2).

. We are unpersuaded by the state's argument that we should disregard Miami-Dade County v. State, because the legislature subsequently enacted Chapter 2000-237, § 3(5) Laws of Florida, which specifies that the counties are obligated to fund the statewide prosecutor’s expenses until 2004. If the legislature is disturbed by our ruling herein, it is within the legislature’s purview to provide clear statutory language directing the County to pay costs, which presently does not exist.