781 So.2d 1111 (2001)
Anthony WINTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3540.
District Court of Appeal of Florida, First District.
January 10, 2001.
Opinion Granting Clarification March 27, 2001.
*1112 Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant Anthony Winter seeks review after his conviction on all charges of a fourteen-count information brought by the Office of the Statewide Prosecutor ("OSP"). We conclude both that the OSP never properly invoked the jurisdiction of the circuit court and that Winter timely raised the absence of such jurisdiction. Accordingly, we reverse the convictions.
By a second amended information filed in Leon County, the OSP charged appellant with fourteen criminal counts arising out of his employment at Unisys, the former administrator of the Florida State Employees' Health Self Insurance Fund (Fund). Under the allegations of the information, the offenses charged in every count occurred in the Second Judicial Circuit, and specifically in Leon County, Florida. Appellant served as a supervisor at Unisys. According to the proof brought forth at trial, appellant and two other Unisys workers hatched an idea to process health claims through a false provider, receive and cash the benefits checks themselves, and then split the money amongst the three of them. To facilitate this scheme, appellant and his accomplices obtained and used a professional license number for Dr. Mark Minson, a psychologist practicing in Boca Raton, Florida. Appellant and the others then successfully obtained and cashed several checks drawn on the Fund. The charges brought against appellant included grand theft and money laundering, as well as conspiracy to commit grand theft and conspiracy to launder money. The criminal information brought by the OSP concludes with the following:
AND ALL OF SAID OFFENSES OCCURRED IN TWO OR MORE JUDICIAL *1113 CIRCUITS AS PART OF A RELATED TRANSACTION OR ALL OF SAID OFFENSES WERE COMMITTED IN CONNECTION WITH AN ORGANIZED CRIMINAL CONSPIRACY AFFECTING TWO OR MORE JUDICIAL CIRCUITS.
On May 7, 1999, three days before the trial was to begin, appellant moved to dismiss the information, arguing that the OSP did not have jurisdiction to prosecute the case. The motion to dismiss notes that because the information alleges that every offense occurred in the Second Judicial Circuit, the only rationale for an OSP prosecution would be if the alleged acts affected two or more judicial circuits. Appellant denied that such was the case and requested dismissal. The trial court orally denied the motion to dismiss and directed that the case proceed to trial. Appellant immediately sought a writ of prohibition in this court, arguing that the OSP lacked jurisdiction to prosecute his case. A panel of this court denied the petition without prejudice to Winter's right to raise the issue on plenary appeal. Having now been convicted, appellant seeks plenary appellate review.
As an initial matter, we must determine whether the question of the OSP's authority to bring this case is properly tested by appellant's motion to dismiss. The pertinent Florida Rule of Criminal Procedure provides:
(b) ... All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the... information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) ... Unless the court grants further time, the defendant shall move to dismiss the ... information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived.
Fla.R.Crim.P. 3.190(b) and (c) (emphasis added).
Relying upon this rule, the State argues that because the motion to dismiss was not filed either before or upon arraignment, the motion was not timely, and appellant has therefore waived his objection to the authority of the statewide prosecutor. The issue here, then, is whether the motion to dismiss actually implicates the jurisdiction of the trial court. "[L]ack of jurisdiction can be raised at any time." See Booker v. State, 497 So.2d 957 (Fla. 1st DCA 1986). Moreover, lack of jurisdiction cannot be cured by consent, nor may it be waived by the defendant. See State v. Schafer, 583 So.2d 374 (Fla. 4th DCA 1991).
The Office of the Statewide Prosecutor is a creature of the Florida Constitution and of specific Florida Statutes. See Art. IV, § 4(c), Fla. Const.; § 16.56(1)(a), Fla. Stat. (1999); Zanger v. State, 548 So.2d 746 (Fla. 4th DCA 1989). Under the applicable constitutional provision, the statewide prosecutor has "concurrent jurisdiction with the state attorneys to prosecute violations of criminal laws occurring or having occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is affecting or has affected two or more judicial circuits as provided by general law." Art. IV, § 4(c), Fla. Const. Additionally, section 16.56(1)(a), Florida Statutes (1999), provides that the OSP "may ... [i]nvestigate and prosecute" several enumerated crimes, *1114 but "[t]he office shall have such power only when such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits."
In considering the question of whether a jurisdictional issue was in fact raised by the motion to dismiss in this case, we must first note the obviousthe Florida Constitution uses the term "jurisdiction" in its characterization of the OSP's authority. Similarly, courts dealing with the question of whether the OSP could properly prosecute a particular case have apparently treated the question as a matter of jurisdiction. The Fourth District, for instance, held that the OSP "has jurisdiction only in cases involving crimes which implicate more than one judicial circuit." Zanger, 548 So.2d at 748; see also Snyder v. State, 715 So.2d 367 (Fla. 5th DCA 1998); State v. Nuckolls, 677 So.2d 12 (Fla. 5th DCA 1996). The OSP must allege its jurisdiction on the face of the information "and any conviction based upon an information which does not properly allege jurisdiction is void." Zanger, 548 So.2d at 748.
In Nuckolls, the appellant challenged a conviction on the ground that the statewide prosecutor did not properly allege jurisdiction in the information. 677 So.2d at 15. The appellate court there framed the issue as "whether the trial court erred in not dismissing certain counts in the Information because it lacked jurisdiction." Id. Referring solely to the face of the information, the Nuckolls court concluded that an allegation tracking the statutory language fulfilled "the jurisdictional requirements for the statewide prosecutor." Id.
In Snyder, the defendant did not contest the sufficiency of the facial allegations of the information filed by the OSP. Instead, he argued that even though the statewide prosecutor alleged jurisdiction, such did not truly exist. See Snyder, 715 So.2d at 369. The defendant in Snyder alleged that the OSP "lacked jurisdiction because there was no `related transaction' affecting two or more judicial circuits." Id. After analyzing the charged crimes, the court concluded that numerous thefts that occurred in two or more judicial circuits were indeed part of a related transaction, and therefore, "the Office of the Statewide Prosecutor had jurisdiction to bring the grand theft charge." Id.
Cases discussing the general authority of prosecutors also conclude that an information may be filed only by a prosecutor who has jurisdiction. For instance, the supreme court held "the prosecuting officer having jurisdiction is authorized to file an information." State v. Blount, 261 So.2d 172, 174 (Fla.1972); see also State ex rel. Latour v. Stone, 135 Fla. 816, 185 So. 729 (1939).
Among the protections provided by article I of the Florida Constitution is the following:
No person shall be tried for ... [a] felony without such presentment or indictment or an information under oath filed by the prosecuting officer of the court....
Art. I, § 15(a), Fla. Const. Accordingly, jurisdiction of a court to try an accused defendant is not invoked and does not exist unless the State files an information or indictment. See State v. Anderson, 537 So.2d 1373, 1374 (Fla.1989) (holding "jurisdiction to try an accused does not exist under article I, section 15 of the Florida Constitution unless there is an extant information, indictment, or presentment filed by the state"); cf. Colson v. State, 717 So.2d 554, 555 (Fla. 4th DCA 1998) (agreeing *1115 with Anderson, but distinguishing it where an information was actually filed but only had a "technical defect", occasioned by lack of the prosecutor's signature). We conclude that the motion to dismiss did raise the jurisdiction of the trial court and, thus, was timely.
The State next argues that quo warranto proceedings provide the only proper method for challenging the authority of the prosecutor. Courts have indeed noted that where "the power and authority of an assigned State Attorney is to be tested, it should be done in direct proceedings by quo warranto." Austin v. State ex rel. Christian, 310 So.2d 289, 290 (Fla. 1975). In Austin, the supreme court held that quo warranto was the correct procedure for a defendant to challenge the validity of an executive order assigning a state attorney from the Fourth Circuit to prosecute a criminal matter in the Second Circuit. Id.; see also Carey v. State, 349 So.2d 820, 822 (Fla. 3d DCA 1977) (holding that quo warranto, not a motion to dismiss, was the proper procedure to test an information signed by an assistant state attorney for the 16th Circuit when the state attorney for the 11th Circuit had been specially sworn in the 16th Circuit to try certain cases); State v. Viscito, 349 So.2d 196, 197 (Fla. 3d DCA 1977)(holding that quo warranto was the only way that the defendants could challenge the authority of a state attorney who was specially assigned to their judicial circuit when the defendants were alleging that the executive order assigning the prosecutor had expired and could not be revived by a later executive order).
We have no disagreement with these cases, but find them inapposite. Austin, Viscito, and Carey all involved challenges to the authority of a particular person assigned prosecute a case. All three of the cases concerned the authority of an "assigned" prosecutor. The cases questioned the validity or scope of the executive order that purportedly gave a certain person the responsibility to prosecute. See Austin, 310 So.2d at 290; Viscito, 349 So.2d at 197; Carey, 349 So.2d at 822. The present case, however, questions the jurisdiction of the OSP and not simply the authority of an individual prosecutor. Because we have characterized this issue as one going to the jurisdiction of the trial court, we find that the matter was properly raised by a motion to dismiss.
On the merits, we hold that the OSP lacked authority to bring this criminal case. Without dispute, the crimes charged in the information took place only in the Second Judicial Circuit. Therefore, the trigger for OSP authority would exist only if the crimes committed were "connected with an organized criminal conspiracy affecting two or more judicial circuits." § 16.56(1)(a), Fla.Stat. (1999).
Referencing the OSP statute, the State below advanced three bases for OSP jurisdiction. First, the State argued that because the money appellant stole from Unisys actually came from a state workers' insurance fund, and the state has employees all over Florida, the crime affected more than one judicial circuit. Next, the State noted that appellant used the license number of a practitioner in Boca Raton. Finally, the State argued that jurisdiction was settled because the charging document quoted the statutory enabling language as a material allegation. On appeal, the State appears to rely solely upon the proposition that the fund from which appellant and his co-conspirators stole held the contributions of state employees from many locales statewide. According to the State's brief, "diminution of the Trust Fund ... affected all of its equitable owners."
*1116 "It seems relatively clear that the statewide prosecutor has the power to prosecute crimes only if they involve two or more judicial circuits and are either part of a related transaction or part of an organized criminal conspiracy." Zanger, 548 So.2d at 747. As a general rule, then, jurisdiction will be determined from the face of an indictment or information. See id. at 748. The OSP need not allege in particular counts that the crimes occurred in or affected two or more judicial circuits. See Nuckolls, 677 So.2d at 15. The general jurisdictional allegation in this case is therefore sufficient. Nevertheless, a defendant facing prosecution by the OSP must have some means to argue that the facts do not support jurisdiction. This is exactly what Winter has attempted to do. Cf. Snyder, 715 So.2d at 369 (upholding OSP jurisdiction as to defendant who did not contest the facial sufficiency of the information, but argued "given the facts that the parties agreed to by stipulation, the office of the statewide prosecutor lacks jurisdiction"). The jurisdictional facts here, as in Snyder, are undisputed and have not been amplified by the State since Winter filed his motion to dismiss.
Although Snyder authorizes the court to determine OSP jurisdiction based upon the actual facts, the case does not assist us further here because Snyder looked only at the question of whether the charged offenses occurred in two or more judicial circuits as part of "a related transaction." Id. Here we are concerned with that part of the statute allowing the OSP to prosecute an offense "connected with an organized criminal conspiracy affecting two or more judicial circuits." Specifically, we must determine whether either of the conspiracy counts brought against appellant are sufficient.
The factual basis of the theft conspiracy count was as follows:
the named defendants did formulate and effectuate a plan to misrepresent one of them as being a provider of medical services, thereby allowing the conspirators to arrange for false claims for medical services to be submitted to the Florida State Employees' Health Insurance Trust Fund for payment, resulting in the issuance of checks from the Trust Fund in excess of $100,000.00 made payable to a fictitious identity, "M.F. Malono, Ph.D.", which checks were subsequently negotiated and the proceeds shared among the conspirators.
The money laundering conspiracy count alleged as follows:
the named defendants did formulate and effectuate a plan to convert checks taken from the State Employees' Health Self Insurance Trust Fund into cash or cash equivalents and meet and discuss the plan in person and through telephone contacts among themselves and with others.
Assuming arguendo that the conspiracies here involved a fund to which employees in various judicial circuits may have contributed, such falls short of the showing required to invoke an OSP prosecution. The State concedes that appellant's acts occurred in Leon County and that the Fund is housed in Leon County. Absent some clear proof of an actual impact in other judicial circuits, the statutory requirement of "affecting two or more circuits" is not satisfied. No such proof or stipulated facts appear in this case. The legislative grant of OSP authority applies "only" when an offense enumerated in the statute has occurred in two or more judicial circuits as part of a related transaction or, as is relevant here, when "connected with an organized criminal conspiracy affecting two or more judicial circuits." § 16.56(1)(a), Fla.Stat. We find that the Legislature has purposefully limited OSP *1117 jurisdiction, and we therefore decline to give the expansive reading advanced by the State.
The trial court erred by failing to grant the motion to dismiss. Accordingly we REVERSE the convictions and sentences.
BOOTH and MINER, JJ., concur.

OPINION ON APPELLEE'S MOTION FOR CLARIFICATION AND CERTIFICATION
KAHN, J.
We deny the State's Motion for Certification and grant in part the Motion for Clarification. In the motion, the State notes that appellant argued in the trial court that the question of the OSP's authority was a question of fact to be determined by the jury. The State now suggests that it is "unclear" whether our opinion in this case has adopted that argument. We have not. What we have said is that the defense may question the jurisdiction of the OSP by a properly filed motion to dismiss. If the motion to dismiss raises factual matters, the court shall make a determination of those factual matters before allowing the case to proceed further. Although our opinion mentions the jurisdictional facts adduced at trial, these facts are no different than the facts assumed by the defense when it moved to dismiss. The question of jurisdiction of the OSP will be determined by the court and will not be submitted to the jury as a question of fact.
BOOTH and MINER, JJ., concur.