WARNER, J.
In this appeal of the trial court’s denial of appellant’s motion for postconviction relief from his convictions for three counts of grand theft, appellant claims that the convictions are void for lack of jurisdiction of the Office of Statewide Prosecutor. Specifically, he claims that because the information did not allege facts showing that the crimes were committed in two different judicial circuits, the convictions were void. We affirm, holding that the information alleged the necessary allegations of two-circuit involvement.
In 2004 appellant was charged with multiple crimes, all being prosecuted by the OSP. With respect to this case, the OSP charged him with 19 counts alleging various crimes. The information made general allegations that the offenses “occurred in two or more judicial circuits as part of a *53 related transaction or in connection with an organized criminal conspiracy affecting two or more judicial circuits.” It did not allege the specific counties or circuits in which the transactions occurred. He filed a motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190, but before it was heard, he pled to three charges of grand theft for an agreed concurrent sentence of 38.5 months, which he had already served, and the state agreed to file a nolle prosequi on the remaining charges. As part of the plea agreement, he agreed to waive his right to file any appeals or postconviction motions in this case. If he violated his agreement, the state could prosecute him for all 19 charges. At the plea colloquy the defense admitted that the state could prove the facts of the case, including that the offenses occurred in Palm Beach, Broward, and Duval Counties. The trial court accepted the plea and sentenced him accordingly in 2007.
In 2009, appellant filed a motion for postconviction relief claiming that his convictions were void because the information did not contain any facts setting forth the places within two or more judicial circuits where the criminal conduct occurred, and therefore it did not invoke the OSP jurisdiction. The state responded that it had alleged general allegations that the offenses were committed within two or more judicial circuits, which language was sufficient to invoke the OSP jurisdiction. See Winter v. State, 781 So.2d 1111, 1116 (Fla. 1st DCA 2001); State v. Nuckolls, 677 So.2d 12, 15 (Fla. 5th DCA 1996); Zanger v. State, 548 So.2d 746, 748 (Fla. 4th DCA 1989). The trial court denied the motion, prompting this appeal.
Where an information fails to allege the necessary jurisdictional allegations to support OSP jurisdiction, the information is fatally defective, and a resulting conviction is void. See Zanger, 548 So.2d at 748. The information in this case did not contain the exact judicial circuits involved but stated that the crimes occurred in two or more judicial circuits and were part of a related conspiracy. In Nuckolls the court considered a similar argument that the information failed to invoke the jurisdiction of the court because it did not properly allege facts to show the jurisdiction of the OSP to file the charges. The court rejected the challenge, finding that the information contained the general statutory language which was sufficient to fulfill the jurisdictional requirements. That language is identical to the language in the information in this case. See Nuckolls, 677 So.2d at 15; see also Winter v. State, 781 So.2d at 1116-17 (Fla. 1st DCA 2001) (holding that similar language provided a sufficient general jurisdiction allegation). Although in 2009 the Legislature amended section 16.56(l)(a), Florida Statutes, to require that the information state the judicial circuits and counties in which the crimes allegedly occurred, that provision was not in effect at the time the information in this case was filed.
The information filed in this case tracked the general language approved in Nuckolls and Winter to invoke the jurisdiction of the OSP. Even though the court in Winter found that the allegations in the information were adequate, it nevertheless allowed for the defense to challenge the factual basis of OSP jurisdiction by a properly filed motion to dismiss. The Winter court clarified that in such a case, the trial court should hold an evidentiary hearing to allow the court to determine whether the facts actually supported the jurisdictional allegations. Here, in contrast, during the plea colloquy the defense admitted that the state could prove the allegations of the complaint, including that the crimes oc *54 curred in several counties comprising at least two judicial circuits. Having admitted facts sufficient to support OSP jurisdiction, the appellant has failed to show that his conviction was void for lack of jurisdiction.
We distinguish Luger v. State, 983 So.2d 49 (Fla. 4th DCA 2008). In Luger we misconstrued Winter to hold that the general allegations of OSP jurisdiction were insufficient, where in fact Winter stated that such allegations were sufficient. Nevertheless, we appropriately remanded for an evidentiary hearing to determine the facts supporting OSP jurisdiction, as permitted in Winter, because in Luger there had been no concession as to the jurisdiction of the OSP. Here, at the plea hearing the State specifically stated as part of the factual predicate, to which the defendant agreed, that the crimes affected two different judicial circuits. Therefore, a sufficient factual predicate to OSP jurisdiction was present.

Affirmed.

CIKLIN and LEVINE, JJ„ concur.