339 So.2d 1159 (1976)
STATE of Florida, Appellant,
v.
William E. BARNETT, Appellee.
No. 76-795.
District Court of Appeal of Florida, Second District.
December 10, 1976.
*1160 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Robert R. Hagaman of Schryver, Hagaman & Aaron, Naples, for appellee.
PER CURIAM.
Appellant/plaintiff appeals the dismissal of an indictment for failure to affirmatively *1161 show that the second statewide grand jury had jurisdiction to act. The indictment included four counts, three of which were nolle prossed. The remaining count charged appellee/defendant with bookmaking on January 1, 1976, in Lee County. The grand jury was empanelled to investigate gambling and therefore bookmaking was within the scope of crimes of which it had authority to investigate. However the indictment did not state that the offense had occurred in two or more counties as part of a related transaction.
The purpose of a statewide grand jury is to inquire into organized criminal activity "in matters which transpire or have significance in more than one county." The governor's petition requesting the impaneling of a statewide grand jury must state that the broad criminal activity to be investigated is of "multicounty nature." Section 905.33(1), Florida Statutes. The power of the jury to indict for individual offenses as a result of its investigation of multicounty criminal activity is not however restricted to crimes committed in more than one county. Section 905.34, Florida Statutes, states that the
subject matter jurisdiction of the state-wide grand jury shall be limited to the offenses of bribery, burglary, criminal fraud, criminal usury, extortion, gambling, kidnapping, larceny, murder, prostitution, perjury, robbery, and crimes involving narcotic or other dangerous drugs, or any attempt, solicitation, or conspiracy to commit any violation of the crimes specifically enumerated above, when any such offense is occurring, or has occurred, in two or more counties as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more counties. The statewide grand jury may return indictments and presentments irrespective of the county or judicial circuit where the offense is committed or triable. If an indictment is returned, it shall be certified and transferred for trial to the county where the offense was committed.
A close reading of the statute leads us to conclude that an indictment issuing from a statewide grand jury would be properly directed to a crime which occurred in only one county as well as those which transpired in two or more counties. While the statute requires that the offenses to be inquired into be related it does not require that they be part of a single transaction nor does the statute require that the offenses be committed by the same person or persons. By authorizing the jury to return indictments and presentments "irrespective of the county or judicial circuit where the offense is committed or triable" and directing that the indictment be transferred "to the county where the offense was committed," the legislature contemplated that an indictment would be addressed to a single county offense.
In order to convict appellee of the crime with which he is charged we do not believe the state must prove that his crime occurred in two or more counties as part of a related transaction or was connected with an organized criminal conspiracy affecting two or more counties. Since proof of a multicounty connection is not an essential element of the crime it was not necessary for the indictment to contain allegations of the multicounty connection. See Blair v. State, 161 So.2d 233 (Fla. 3d DCA 1964).
Appellee argues that unless the state is required to allege or prove a multicounty connection he cannot discover whether the statewide grand jury's investigation was within the scope of its jurisdiction. In fact that avenue of attack may be foreclosed to the accused, but his position is not appreciably different from that of other defendants in Florida who are not permitted to inquire into the sufficiency of the evidence upon which the grand jury returned an indictment against them. Richardson v. State, 100 Fla. 835, 130 So. 718 (1930); Brown v. State, 111 So.2d 296 (Fla. 2d DCA 1959).
The Statewide Grand Jury Act provides many safeguards against the danger of the jury exceeding the legislative limits of its investigatory powers. First, the governor *1162 may petition for a statewide grand jury only upon good and sufficient reason to believe it to be in the public interest. Then the supreme court must enter an order empanelling the statewide grand jury. The chief justice of the supreme court designates a circuit judge to preside over the statewide grand jury and a state attorney is designated to serve as its legal advisor. We would expect the governor to act in good faith and the supreme court to enter an order only upon legal grounds. Likewise we must assume that the circuit judge will properly instruct the grand jury of its jurisdiction and that the state attorney will advise it accordingly. In short when a duly ordered and empanelled statewide grand jury returns an indictment for one of the enumerated crimes we think it may be presumed that it conducted its investigation within the jurisdictional requirements of Section 905.34, Florida Statutes. See English v. State, 31 Fla. 340, 12 So. 689 (1893).
Furthermore even though the statute prescribes that the "subject matter" of an investigation of a statewide grand jury shall involve only multicounty offenses we believe that when in the course of such investigation the statewide grand jury finds probable cause to believe that a crime has been committed which is within the category of offenses it is empowered to investigate it can indict for such offense whether or not it finds sufficient probable cause to believe a particular offense had any multicounty relationship. Any other interpretation would frustrate the intent of the legislation. Section 905.32, Florida Statutes, states that it was the intent of the legislature in enacting this act to strengthen the grand jury system and enhance the state's ability to detect and eliminate organized criminal activity. Section 905.32, Florida Statutes. To require an allegation and proof of multicounty involvement would diminish the state's abilities in this regard and place it at a disadvantage with respect to any defendant indicted by a statewide grand jury because he would be in a position to attack the indictment upon grounds which would have been unavailable to him had he been indicted by a local grand jury. This would in effect relegate the statewide grand jury to second class status.
Finally Fla.R.Crim.P. 3.140(o) provides that an indictment shall not be dismissed unless it is "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." The indictment before us tracks the language of the bookmaking statute and is not subject to dismissal under this rule.
Accordingly the order dismissing the indictment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY, C.J., and BOARDMAN and GRIMES, JJ., concur.