343 So.2d 874 (1977)
The STATE of Florida, Appellant,
v.
Donald OSTERGARD et al., Appellees.
The STATE of Florida, Appellant,
v.
Art YOUNG, Appellee.
The STATE of Florida, Appellant,
v.
Anthony ROMANO and Herman Boren, Appellees.
The STATE of Florida, Appellant,
v.
James RAND et al., Appellees.
Nos. 76-129, 76-312, 76-336 and 76-451.
District Court of Appeal of Florida, Third District.
February 8, 1977.
Rehearing Denied April 13, 1977.
Robert L. Shevin, Atty. Gen. and Linda Collins Hertz, Asst. Atty. Gen., for appellant.
Walter E. Gwinn, Miami, Robert R. Frank, North Bay Village, Max Kogen, *875 Hirschhorn & Freeman, Max Lurie, Miami, Victor Africano, Live Oak, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
HENDRY, Chief Judge.
Appellant, the prosecution below, brings this consolidated appeal which challenges various lower court orders dismissing four separate indictments handed down by the Statewide Grand Jury against appellees, defendants below. The indictments all charged appellees with illegal gambling activities alleged to have been committed in Dade County, Florida and were all subsequently dismissed for lack of subject-matter jurisdiction of the Statewide Grand Jury.
On November 12, 1974, the Governor of the State of Florida petitioned the Supreme Court of Florida for an "Order Empaneling a Second Statewide Grand Jury" pursuant to Sections 905.31 et seq., Florida Statutes (1973). The petition in part provided that:
"3. Petitioner has been informed by the Director of the Dade County Public Safety Department that investigations conducted by that Department, and other State, local, and Federal law enforcement agencies into violations of the criminal laws of Florida, have detected an organized and widespread criminal enterprise involving violations of the laws regarding gambling.
"4. Petitioner has been further informed by said Director and that said crimes or wrongs are of a multicounty nature and are occurring or have occurred in two or more counties as part of a related transaction and that the offenses perpetrated by the members of said criminal enterprise are or may be connected with an organized criminal conspiracy or conspiracies affecting two or more counties.
"5. Upon the basis of evidence and information acquired to date by the Dade County Public Safety Department and others, petitioner has determined that said crimes or wrongs, involving violation of the laws regarding gambling and attempts or conspiracies to commit crimes involving gambling, are of a multicounty nature, affect two or more counties, and have contacts and involve potential defendants in numerous counties and other judicial circuits of the State of Florida ..." [Emphasis added.]
On December 15, 1974, the Supreme Court of Florida issued its "Order Empaneling A Second Statewide Grand Jury." The above order in pertinent part provided:
"2. That good and sufficient reason has been shown in the petition for the empanelment of a second statewide grand jury to investigate, return indictments, make presentments, and otherwise perform all functions of a grand jury only with regard to the commission of crimes involving gambling or conspiracies to commit violations of the laws involving gambling as set forth in the petition.
"WHEREFORE, it is, upon consideration thereof, hereby ORDERED AND ADJUDGED
"1. That a second statewide grand jury be empaneled to investigate, return indictments, make presentments, and otherwise perform all functions of a grand jury only with regard to the commission of crimes involving gambling or attempts or conspiracies to commit violations of the laws involving gambling as set forth in the petition." [Emphasis added.]
On October 17, 1975, the Second Statewide Grand Jury filed the first indictment in question. The indictment charged appellees Ostergard, Weedon, Andrews, Lewis and Jordan with violations of Section 849.09, Florida Statutes (1973), including the promoting, conducting, aiding and setting up of a lottery in Dade County, Florida.
The named appellees filed a motion to dismiss the indictment, alleging as one ground that the Grand Jury was without jurisdiction to indict them for the offenses alleged. In support of their motion to dismiss, appellees relied upon Section 905.32, Florida Statutes (1973), entitled "Legislative intent." This particular section construes the Statewide Grand Jury Act and provides that:

*876 "It is the intent of the legislature in enacting this act to strengthen the grand jury system and enhance the ability of the state to detect and eliminate organized criminal activity by improving the evidence-gathering process in matters which transpire or have significance in more than one county." [Emphasis added.]
By proceedings held on that motion, the lower court ruled that since the indictment failed to show on its face that the Second Statewide Grand Jury had subject matter jurisdiction, in that the offenses attributed to appellees allegedly occurred in Dade County only, dismissal for lack of subject matter jurisdiction was proper.
Thereafter, the State timely filed its notice of appeal.
Subsequent to the above, other indictments were handed down by the Second Statewide Grand Jury against the remaining appellees. The indictments charged appellees with various violations of Chapter 849, Florida Statutes (1973), illegal gambling activity. On the face of said indictments were the allegations that the aforementioned violations were all committed in Dade County, Florida.
Just as the initial appellees had done, the remaining appellees filed motions to dismiss their respective indictments on the ground that the indictments failed to facially allege the multi-county nature of the crimes. The aforementioned motions were all granted on the above basis and appellant timely filed its notice of appeal from each dismissal. By order of March 30, 1976, this court granted appellant's motion to consolidate the causes and this appeal follows.
Appellant raises many interesting and varied points on appeal to support its position  that the lower court erred in dismissing the various indictments.
The first point on appeal that we shall examine is the contention that an attack on an indictment based upon the subject matter jurisdiction of a grand jury should only be raised in a quo warranto proceeding and not a motion to dismiss. We disagree with appellant's contention and refer to Fla.R.Crim.P. 3.190(b) which provides:
"(b) Motion to Dismiss
"Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense." [Emphasis added.]
The defense asserted by the various appellees was lack of subject matter jurisdiction of the Second Statewide Grand Jury and we hold that because of the patent facial defect in the indictments, challenge by motion to dismiss was proper. See Carroll v. State, 251 So.2d 866 (Fla. 1971), conformed to 252 So.2d 396 (Fla.3d DCA 1971).
Appellant next argues that as long as the crime charged is one which is properly under investigation, the indictment need not allege the multi-county characteristic of said offense. Thus, appellant contends that because the Second Statewide Grand Jury indicted appellees on gambling related offenses, the fact that the offenses were facially alleged to have been committed in only one county (Dade) should have no bearing on the validity of the indictments.
In response to appellant's contention, appellees quote from Section 905.34, Florida Statutes (1973), which in part provides that:
"[T]he subject matter jurisdiction of the statewide grand jury shall be limited to the offences of bribery, burglary, criminal fraud, criminal usury, extortion, gambling, kidnapping, larceny, murder, prostitution, perjury, robbery, and crimes involving narcotics and other dangerous drugs, or any attempt, solicitation, or conspiracy to commit any violation, when any such offense is occurring, or has occurred, in two or more counties as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more counties ..." [Emphasis added.]
*877 With the above in mind, appellees contend that the subject matter jurisdiction of statewide grand juries is not inherent, but is limited by statute. As such, appellees argue that in order for a statewide grand jury indictment to be valid, the statutory prerequisites of subject matter jurisdiction must be facially visible.
We agree with appellees' contention. Because of the general secrecy and confidentiality which surrounds a grand jury proceeding [Section 905.24, Florida Statutes (1975)] in order for a proper evaluation of an indictment to be made by a defendant, it becomes necessary that proper jurisdictional allegations be made on the face of said indictment. Compare Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972).
The aforementioned statutory sections quoted in the body of this opinion, along with the Petition of the Governor and Empaneling Order of the Florida Supreme Court make it clear that the jurisdiction of the Second Statewide Grand Jury was limited to multi-county offenses. We therefore hold that absent the proper jurisdictional allegations on the face of the indictments, the Second Statewide Grand Jury was without authority to properly indict appellees and dismissal was proper.
In so ruling we are not overlooking our sister court's opinion in State v. Barnett, 339 So.2d 1159 (Fla.2d DCA 1976), opinion filed December 10, 1976, wherein an opposite conclusion was reached. We, however, do not agree with the holding in that opinion and do not follow it.
Any other points raised by appellant in its brief are without merit and need no discussion.
After having considered all points in the briefs and arguments of counsel in the light of the controlling principles of law, we have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the orders dismissing the various indictments are affirmed.
Affirmed.
BARKDULL, Judge, specially concurring.
I concur with the opinion authored by Chief Judge Hendry, and would affirm the several orders under review.
The statewide Grand Jury, as created by the Legislature, was created solely according to the very wording of the statutes themselves to investigate multi-county crimes and nothing more. The jurisdiction of the Statewide Grand Jury is limited to certain crimes which have "* * * occurred, in two or more counties as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more counties." Section 905.34, Fla. Stat. It has no more right to indict for a crime committed in a single county than a Grand Jury for the Eleventh Judicial Circuit in and for Dade County would have the right to indict for a crime committed in the Broward circuit. The Legislature might have given the statewide Grand Jury such power, but it did not. If a statewide Grand Jury finds evidence of a local crime it should forward its evidence to the appropriate Grand Jury for that county; the same as if the Eleventh Judicial Circuit Grand Jury investigating crime in Dade County discovers evidence relating to a crime in Broward it cannot indict, but must forward the evidence to the appropriate Grand Jury of the Circuit Court in and for Broward County.
NATHAN, Judge (dissenting).
I respectfully dissent on the authority of State v. Barnett, 339 So.2d 1159 (Fla.2d DCA 1976).