DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA J. MYRICK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-3148

[October 1, 2025]

CORRECTED OPINION

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 21-003633CF10A.

J. David Bogenschutz and Kevin W. Gardiner of the Law Offices of J. David Bogenschutz & Associates, P.A., Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Barbara Myrick appeals an order denying her motion to dismiss a statewide grand jury indictment, charging her with violating section 905.395, Florida Statutes (2021), entitled "Unlawful acts related to disclosure of [statewide grand jury] proceedings." We reverse the trial court's order, holding that section 905.395 is not one of the offenses identified in section 905.34, Florida Statutes (2021), as being within the subject matter jurisdiction of the statewide grand jury.

### *Background Facts*

In response to the mass shooting at Marjory Stoneman Douglas High School, Governor DeSantis petitioned the Florida Supreme Court to impanel a statewide grand jury to investigate, among other things,

"whether school officials committed—and continue to commit—fraud and deceit by mismanaging, failing to use, and diverting funds from multi-million dollar bonds specifically solicited for school safety initiatives." *In re: Final Rep. of the 20th Statewide Grand Jury*, 343 So. 3d 584, 587–88 (Fla. 4th DCA 2022). The Florida Supreme Court granted the petition. *Id.* at 588.

When the statewide grand jury was impaneled, Robert Runcie was the superintendent of the Broward County Public Schools District ("the District"). During his tenure, the District established a program to issue up to $800 million in general obligation bonds to fund various school projects benefitting safety, music and arts, athletics, renovations, and technology (the "SMART program"). *See State v. Runcie*, 395 So. 3d 1070, 1072 (Fla. 4th DCA 2024). Runcie was scheduled to testify before the statewide grand jury on March 31 and April 1, 2021. During this time period, Myrick was the District's general counsel and Mary Coker was the District's director of procurement and warehousing services.

On April 1, 2021, Runcie testified before the statewide grand jury. He was asked about any discussions he previously had with Myrick about his grand jury testimony. Runcie testified Myrick had advised that he obtain an attorney and mentioned other school board members had been subpoenaed. Runcie denied having communications through a third party about the proceedings.

Myrick testified before the statewide grand jury on April 12, 2021. She was asked if she had spoken to Mr. Kroll, Runcie's attorney, and she responded, "No, I didn't. I did talk to Mr. Kroll after the first night, yes." When asked what they had discussed, Myrick replied that the testimony went well and then she did not remember "there being any specific issue." Then she was shown her telephone records, which indicated that Kroll had called her on March 31, and they had spoken for six minutes. Myrick testified that she did not remember any "evidentiary or issues related to the topics of the testimony or anticipated testimony" being raised in the conversation.

Myrick's phone records showed that after she had talked to Kroll, she called Coker and the call lasted twenty minutes. When asked about their conversation, Myrick testified they had discussed a piggyback contract deliberated at a board meeting two days before the call, and how a piggyback could not be done off that particular contract. They also spoke about Coker's familiarity with a Recordex smart board.

Myrick testified that she had spoken to Kroll the following morning, before Runcie started testifying, but she did not recall what they had discussed, although it might have been about piggybacks. Later, she admitted that when she had spoken to Kroll, he had asked her about piggyback contracts. Myrick then called Coker to ask her questions about piggyback contracts, and the next morning she transmitted Coker's information to Kroll.

Myrick did not recall telling anyone that Runcie was testifying before the statewide grand jury. She denied telling Coker that Runcie was testifying.

### *Procedural Facts*

The statewide grand jury charged Myrick by a bill of indictment for violating section 905.395, Florida Statutes (2021),[1] which stated:

> [T]hat on or between March 31, 2021, and April 14, 2021, in the Eleventh and Seventeenth Judicial Circuits of Florida to wit: Miami-Dade and Broward Counties, [Myrick], did knowingly and unlawfully publish, broadcast, disclose or communicate to another person outside the statewide grand jury room any of the proceedings and/or identity (of) persons referred to or being investigated by the statewide grand jury, in violation of Section 905.395 of the Florida Statutes.

After the indictment, Myrick filed several motions for particulars. The State responded to the motions. The state's last response, on October 11, 2024, provided this disclosure:

> [O]n March 31, 2021, Defendant engaged in a series of telephone conversations during one of which she told M. Coker that she was "not supposed to tell you this" but that

---

[1] Section 905.395 provides:

> Unless pursuant to court order, it is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or permit to be published, broadcast, disclosed, divulged, or communicated to any other person outside the statewide grand jury room, any of the proceedings or identity of persons referred to or being investigated by the statewide grand jury. Any person who violates the provisions of this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Runcie was testifying and that Defendant was assisting preparing his testimony. Defendant then requested assistance with certain subjects to aid in that preparation. These subjects included matters contained within a felony criminal case filed upon an Indictment previously returned in Broward County Case 21000201CF10A by that same Statewide Grand Jury, and Coker was listed as a witness in that case's discovery pleadings.

. . . .

[O]n April 14, 2021, Defendant engaged in another telephone conversation during which Defendant also told M. Coker that Defendant herself had testified before the Statewide Grand Jury, that Defendant had been questioned about communications between Defendant and the witness, and informed the witness about some of the evidence presented to Defendant during Defendant, testimony despite knowing and admitting that she was not supposed to do so.

. . . .

Defendant told witness R. Runcie that members of the Broward County School Board had "been here or received a subpoena" to appear before the Statewide Grand Jury.

Myrick moved to dismiss the indictment for lack of "subject matter jurisdiction/no statutory authority." She later filed a supplement to that motion. In support of her motion to dismiss, Myrick argued that an indictment for a violation of section 905.395 was outside the statewide grand jury's authority, as circumscribed by section 905.34.

For the purpose of the hearing on the motion to dismiss, Myrick stipulated to these facts:

[D]uring the time period on or between March 31, 2021, and April 14, 2021, the Defendant made telephone calls to an individual named Mary Coker, where it is alleged that the Defendant disclosed to witness Coker, matters which were confidential as to proceedings, and the identity of an individual then testifying before the Statewide Grand Jury, without authority, in violation of F.S. 905.395;

4

It is further stipulated that these calls were placed by the Defendant from a telephone within the Seventeenth Judicial Circuit, and were received by witness Coker, on a telephone within the Eleventh Judicial Circuit;

Further, Ms. Coker was neither a co-conspirator, co-defendant, nor a principal knowingly or intentionally in violation of F.S. 905.395 in these calls, in any fashion, or with any alleged disclosures made in these calls;

Further, that Ms. Coker then notified Officers of the Statewide Grand Jury of these conversations and disclosures;

Witness Coker has testified that Defendant had indicated to her that she was assisting the attorney of another individual (Runcie) regarding that person's own testimony. Defendant had telephone contact with a number assigned to one of Runcie's attorneys before and after each call between Defendant and Coker.

*Id.* (paragraph numbers omitted).

At the hearing on the motion, the State contended that county grand juries had inherent power to preserve integrity over their proceedings and, likewise, statewide grand juries had the power to charge crimes involving the compromise of the integrity of their proceedings. The State also asserted that a violation of section 905.395 was a crime involving or resulting in fraud or deceit, which statewide grand juries have jurisdiction to charge. The State maintained that Myrick had attempted to deceive the grand jurors regarding the extent of Runcie's knowledge and involvement in piggyback contracts by crafting Runcie's second day of testimony, as well as disclosing her own testimony to the grand jury to influence Coker's testimony.

At a hearing on the motion to dismiss, Myrick contended that "[n]othing in that statute says anything about fraud and deceit, nothing in the allegations of the Indictment says anything about fraud and deceit . . . that's another crime[.]"

The trial court denied Myrick's motion to dismiss, holding that section "905.34(7) grants the Statewide Grand Jury subject matter jurisdiction to indict the Defendant for a violation of F.S.S. 905.395 as the conduct alleged if true involves and results in fraud and deceit being committed upon any person."

Myrick moved for rehearing and reconsideration, arguing that fraud and deceit were not elements of section 905.395, which was a "stand alone" statute that does not implicate a "fraud or deceit." Also, she maintained the alleged disclosures did not reflect that she had used fraud or acted deceitfully. Myrick argued that the trial court's order was deficient because it failed to answer, "'Fraud or deceit' upon whom?, if anyone, employed 'fraud and deceit'? What <u>was</u> the 'fraud or deceit' employed? Where or how did that 'fraud or deceit' take place?"

The trial court denied the motion for rehearing.

Myrick entered into an agreement to plead no contest to the crime of attempted unlawful disclosure of statewide grand jury proceedings, reserving her right to appeal the denial of her motion to dismiss and the denial of her rehearing motion. The parties agreed the motion was dispositive. The trial court accepted the plea, adjudicated Myrick guilty of attempted unlawful disclosure of statewide grand jury proceedings, sentenced her to twelve months of probation, subject to early termination conditions and the obligation to give truthful testimony in any further investigation or proceeding.

### *Legal Discussion*

In creating the statewide grand jury system, the Legislature plainly stated its intent "to detect and eliminate organized criminal activity":

> It is the intent of the Legislature in enacting this act to strengthen the grand jury system and enhance the ability of the state to detect and eliminate organized criminal activity by improving the evidence-gathering process in matters which transpire or have significance in more than one county.

§ 905.32, Fla. Stat. (1973).

Section 905.34 explicitly sets forth the parameters of the statewide grand jury's subject matter jurisdiction as follows:

> The jurisdiction of a statewide grand jury impaneled under this chapter shall extend throughout the state. The **subject matter jurisdiction** of the statewide grand jury **shall be limited to the offenses** of:

6

(1)   Bribery, burglary, carjacking, home-invasion robbery, criminal usury, extortion, gambling, kidnapping, larceny, murder, prostitution, perjury, and robbery;

(2)   Crimes involving narcotic or other dangerous drugs;

(3)   Any violation of the provisions of the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, . . . .

(4)   Any violation of the provisions of the Florida Anti-Fencing Act;

(5)   Any violation of the provisions of the Florida Antitrust Act of 1980, as amended;

(6)   Any violation of the provisions of chapter 815;

(7)   Any crime involving, or resulting in, fraud or deceit upon any person;

(8)   Any violation of s. 847.0135, s. 847.0137, or s. 847.0138 relating to computer pornography and child exploitation prevention,

(9)   Any criminal violation of part I of chapter 499;

(10) Any criminal violation of s. 409.920 or s. 409.9201;

(11) Any criminal violation of the Florida Money Laundering Act;

(12) Any criminal violation of the Florida Securities and Investor Protection Act; or

(13) Any violation of chapter 787, as well as any and all offenses related to a violation of chapter 787[.]

**or any attempt**, . . . to commit any violation of the crimes **specifically enumerated above**, when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits. . . . The powers and duties of, and

7

law applicable to, county grand juries shall apply to a statewide grand jury except when such powers, duties, and law are inconsistent with the provisions of ss. 905.31-905.40.

*Id.* (emphasis supplied).

The Legislature limited the subject matter jurisdiction of a statewide grand jury to certain listed "offenses" and "crimes specifically enumerated" in section 905.34. Read in this context, the reference in subsection (7) is limited to "any **crime** involving, or resulting in, fraud or deceit upon any person." Such crimes include thefts, *see Snyder v. State*, 715 So. 2d 367 (Fla. 1st DCA 1998), and the offenses contained in Chapter 817 dealing with fraudulent practices. *Crimes* involving fraud or deceit have a specific intent element pertaining to the underlying fraudulent or deceitful conduct. For example, section 817.034(3)(d), Florida Statutes (2025) defines a "scheme to defraud" as:

> [A] systematic, ongoing course of conduct with **intent to defraud** one or more persons, or with **intent to obtain property from one or more persons by false or fraudulent pretenses, representations, endorsements of nonconsenting parties, or promises or willful misrepresentations of a future act.**

*Id.* (emphasis supplied). Also, "crimes" of fraud or deceit typically involve a pecuniary loss to a victim, or the intent to create such a loss.

The Legislature did not use the terms "fraud or deceit" in section 905.34(7) in a loose, generic sense to apply to disreputable conduct that falls short of criminal conduct defined by statutes. The emphasis in subsection 905.34(7) is on a "crime" involving or resulting in fraud or deceit.

Myrick was indicted for violating section 905.395, Florida Statutes (2021). That section is not an enumerated offense in section 905.34, Florida Statutes (2021). *Compare Runcie*, 395 So. 3d at 1074 (where the indictment stated that the defendant "did make a false statement" "[w]hich [defendant] did not believe to be true" and the alleged perjury was an "enumerated offense" included in section 905.34).

Nor does the conduct prohibited by section 905.395 amount to a statutory crime involving "fraud or deceit upon any person." Fraudulent or deceitful intent is not a required element of a section 905.395 violation. That section requires merely that the disclosure or communication be to

any other person outside the statewide grand jury room about "any of the proceedings or identity of persons referred to or being investigated by the statewide grand jury." The indictment in this case mentions neither fraud nor deceit. It charged a crime not enumerated in section 905.34, which is not the type of "organized criminal activity" that the statewide grand jury system was designed to eliminate. *See* § 905.32, Fla. Stat. (2021).

We reject the State's argument that Myrick's violation of section 905.395 was one that involved fraud or deceit upon the statewide grand jury, in that she provided information indirectly to Runcie to make him appear more competent than he was. Such a loose, indirect interpretation of the statutory language rewrites the statute, which requires a "crime involving or resulting in fraud or deceit," not conduct short of a crime that tends to be fraudulent or deceitful.

The State argues, as it did in *Runcie*, that the final sentence of section 905.34, which provides that "[t]he powers and duties of, and law applicable to, county grand juries shall apply to a statewide grand jury" gives the statewide grand jury inherent power to indict based on section 905.395. However, that sentence continues and states, "except when such powers, duties, and law are inconsistent with the provisions of [§§] 905.31–905.40." § 905.34, Fla. Stat. (2021).

The State's argument runs aground on section 905.34's unambiguous language that "[t]he subject matter jurisdiction of the statewide grand jury shall be limited to [certain enumerated] offenses . . . ." § 905.34, Fla. Stat. (2021). A statute's plain and unambiguous language controls. *See McCloud v. State*, 260 So. 3d 911, 915 n.2 (Fla. 2018) ("When the Legislature has clearly and unambiguously spoken, the resulting statute demonstrates legislative intent and we simply apply the plain language."); *see also McNamara v. State*, 357 So. 2d 410, 413–14 (Fla. 1978) (a statewide grand jury lacks the authority to return an indictment for an offense beyond the scope of its jurisdiction).[2]

The language of section 905.34 itself, the specific context in which that language was used, and the broader context of the statute as a whole, all

---

[2] As we did in *Runcie*, 395 So. 3d at 1077, we reject the State's argument that "the statewide grand jury somehow possessed non-textual 'inherent authority' to seek to punish" a crime committed in the grand jury's presence. Even if this conclusion in *Runcie* is dicta, as the dissent suggests, it is nonetheless a correct statement of law. Because the statewide grand jury is a creature of statute, it has no inherent authority beyond what the statute specifically provides.

point to the conclusion that section 905.34's final sentence does not expand the statewide grand jury's subject matter jurisdiction. *See Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (explaining that "the plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole") (cleaned up). If the Legislature intended the statewide grand jury to have the power to indict for violations of section 905.395, it should amend section 905.34 to say so.

To the extent that section 905.34 is ambiguous with regard to section 905.395, the statutory rule of lenity, section 775.021(1), Florida Statutes (2021), requires that we construe the statutes "most favorably to the accused."[3]

The rule of lenity "by its own terms requires strict construction[.]" *Gross v. State*, 820 So. 2d 1043, 1045 (Fla. 4th DCA 2002). The dissent makes good policy arguments concerning how the statutes should be read, but the plain language of section 905.34 says something else. It is up to the Legislature to amend the statute to make its intent clear.

Our reliance on section 905.34's plain language is consistent with the language in *In Re: Final Report of the 20th Statewide Grand Jury*, where we recognized that the statewide grand jury lacked authority to return an indictment for an offense beyond the scope of its jurisdiction over the enumerated offenses in section 905.34. 343 So. 3d at 584. We wrote that a "statewide grand jury's subject matter jurisdiction is limited by statute to certain enumerated offenses[.]" *Id.* at 588. We concluded that a "statewide grand jury lacks the authority to return an indictment for an offense beyond the scope of its jurisdiction." *Id.* (emphasis supplied) (citing *McNamara*, 357 So. 2d at 413–14).

Case law has established that a statewide grand jury's subject matter jurisdiction must be demonstrated on the face of an indictment. In *McNamara*, 357 So. 2d 410, our supreme court relied on the Third District's decision in *State v. Ostergard*, 343 So. 2d 874 (Fla. 3d DCA 1977). *Ostergard* held that the subject matter of the statewide grand juries is "not inherent" but "limited by statute" and for that reason "for a statewide grand jury indictment to be valid, the *statutory prerequisites of*

---

[3] Section 775.021(1) provides that "[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."

*subject matter jurisdiction must be facially visible.*"  *Id.* at 877 (emphasis supplied).

The Florida Supreme Court, quoting *Ostergard*, wrote:

Because of the general secrecy and confidentiality which surrounds a grand jury proceeding (Section 905.24, Florida Statutes (1975)) *in order for a proper evaluation of an indictment to be made by a defendant, it becomes necessary that proper jurisdictional allegations be made on the face of said indictment.*

. . . . We therefore hold that absent the proper jurisdictional allegations on the face of the indictments, the Second Statewide Grand Jury was without authority to properly indict appellees and dismissal was proper.

*McNamara*, 357 So. 2d at 413 (emphasis supplied) (citation omitted) (quoting *Ostergard*, 343 So. 2d at 877).

*McNamara* agreed with *Ostergard*, and quoting from Judge Barkdull's special concurrence in *Ostergard*, concluded:

The statewide Grand Jury, as created by the Legislature, *was created solely according to the very wording of the statutes themselves* to investigate multi-county crimes and *nothing more.  The jurisdiction of the Statewide Grand Jury is limited to certain [enumerated] crimes* which have "* * * occurred, in two or more counties as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more counties.'  Section 905.34, Fla. Stat.

*McNamara*, 357 So. 2d at 413.  *McNamara* determined that, "absent allegations of multi-county activity on the face of the indictments, the Statewide Grand Jury was without authority to properly indict" the defendant.  *Id.* at 414.

Similar to the absence in the indictment of multi-county activity at issue in *McNamara*, the indictment in this case does not charge any offense enumerated in section 905.34.  The indictment was therefore subject to dismissal because a crucial jurisdictional allegation was missing from the face of the indictment.

The State argues that the absence of an allegation as to section 905.34 does not render the indictment void, citing to *Carbajal v. State*, 75 So. 3d 258 (Fla. 2011). However, *Carbajal* involved the timeliness of a postconviction motion under Florida Rule of Criminal Procedure 3.850. The case did not concern the requirements of subject matter jurisdiction at the time of filing an indictment by a statewide grand jury. To the extent that *Carbajal* contains any language contrary to *McNamara*, we note that the Florida Supreme Court "does not intentionally overrule itself sub silentio." *Morris v. State*, 212 So. 3d 383, 386 (Fla. 4th DCA 2017) (quoting *Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002)).

A section 905.395 offense is not one of the crimes enumerated in section 905.34. Nor do section 905.395's necessary elements involve "fraud and deceit" as those terms are commonly understood in the criminal law. The statewide grand jury was without authority to indict Myrick for the charged crime.

The trial court erred in denying Myrick's motion to dismiss.

*Reversed and remanded for the entry of an order dismissing the indictment.*

CIKLIN, J., concurs.
HARPER, BRADLEY G., Associate Judge, concurs in part and dissents in part with opinion.

HARPER, BRADLEY G., Associate Judge, concurring in part and dissenting in part.

I concur with the majority that Myrick's section 905.395 violation did not constitute a crime involving fraud or deceit on the grand jury. I also agree that the Statewide Grand Jury does not have "inherent authority" that exists outside of a plain reading of the statutes. I respectfully dissent, however, from the majority's conclusion that the statewide grand jury lacked subject matter jurisdiction to charge Myrick for violating section 905.395, Florida Statutes (2021), based on the majority's reading of section 905.34, Florida Statutes (2021). A careful reading of both the facts and the statutory framework demonstrates that the indictment was valid because statewide grand juries are empowered to enforce the law that protects its own secrecy. The trial court's ruling should be affirmed.

***Factual Background***

12

In March and April of 2021, Myrick, then general counsel for the Broward County School District, disclosed confidential matters from the statewide grand jury proceedings to third parties. Specifically, Myrick told Mary Coker, the district's procurement director, that then Superintendent Robert Runcie was testifying before the statewide grand jury. She also revealed the fact of her own testimony and discussed evidentiary subjects raised in those proceedings. Coker notified the grand jury that Myrick had admitted in a phone call that she knew she was "not supposed to" make such disclosures. Phone records showed a sequence of calls in which Myrick spoke with Runcie's attorney, then with Coker, and then again with Runcie's counsel, allegedly relaying confidential grand jury information to prepare Runcie's testimony. Later, Myrick allegedly advised Coker about subjects raised during her own testimony before the grand jury.

Myrick's conduct is precisely the kind of conduct that section 905.395 criminalizes. The statute and its related statutory scheme is called the "Statewide Grand Jury Act" ("the Act"). The Act is designed to preserve the confidentiality of statewide grand jury proceedings so that witnesses may testify freely, grand jurors may deliberate without interference, and investigations are not obstructed. To hold that a statewide grand jury cannot indict for violations of the very secrecy rules that protect its existence is to eviscerate the "Statewide Grand Jury Act" framework.

### *Legal Discussion*

It is necessary to apply statutory construction rules because reading section 905.34 and section 905.395 in isolation produces uncertainty as to whether a statewide grand jury is empowered to indict for violations of its own secrecy. We must determine whether section 905.395 is "inconsistent" with, or incorporated by, section 905.34. Florida law requires courts to exhaust all available textual and structural clues when statutory meaning is in dispute. *Conage v. United States*, 346 So. 3d 594, 597-98 (Fla. 2022) (criticizing the notion that "when the language of a statute is clear and unambiguous . . . there is no occasion for resorting to the rules of statutory interpretation," explaining that this approach often isolates disputed phrases which can obscure clear meaning). The canons of construction ensure that the law is effectuated without rendering any part of the statutory scheme meaningless.

The Supreme Court of Florida has instructed that courts must consider not only "the language itself" but also "the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 598 (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Section 905.34 provides: "The powers and duties of, and law applicable to, county

grand juries shall apply to a statewide grand jury except when such powers, duties, and law are inconsistent with the provisions of ss. 905.31–905.40." In other words, unless inconsistent, the same rules that govern county grand jury duties, including the enforcement of secrecy provisions, apply to statewide grand juries.

Section 905.395, which prohibits disclosure of grand jury proceedings, is parallel to section 905.27, which safeguards county grand jury secrecy. More importantly, the statutory scheme which requires county grand juries to inquire into violations of its secrecy provisions is consistent with sections 905.31–905.40. Thus, by plain meaning, the statewide grand jury has jurisdiction to indict appellant for violating the secrecy of the grand jury process.

This conclusion follows the settled canon that statutes must be read as a whole, not in isolation. "Under the whole-text canon, proper interpretation requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'" *Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 324 (Fla. 2022). Section 905.395 appears in the same statutory scheme as section 905.34. Reading those statutes together, section 905.34 incorporates secrecy protections into statewide grand juries to ensure functional equivalence with county grand juries. To read section 905.395 as beyond the scope of statewide grand jury jurisdiction ignores its context and placement within a cohesive statutory structure.

Statutory provisions should be interpreted in harmony where possible. *Matheson v. Miami-Dade Cnty.*, 258 So. 3d 516, 522 (Fla. 3d DCA 2018). No tension exists between Section 905.395 and section 905.34's jurisdictional limits. On the contrary, section 905.395 protects section 905.34 proceedings. Construing the different provisions together in harmony compels the conclusion that statewide grand juries may indict for violations of its secrecy. *See Wester v. State*, 400 So. 3d 771, 784 (Fla. 1st DCA 2024) (declining to interpret statutes in conflict where they can be read in harmony).

The majority's reliance on *McNamara v. State*, 357 So. 2d 410 (Fla. 1978), is misplaced. *McNamara* held that statewide grand juries may not indict for purely local crimes absent multi-circuit allegations. Here, by contrast, the indictment is not for a local crime—it is for unlawful disclosure of the statewide grand jury's own proceedings, which necessarily transcend a single circuit. Unlike *McNamara*, the indictment here did not omit a necessary jurisdictional element. The secrecy violation alleged under section 905.395 is fundamental to the statewide grand jury

itself, a body with jurisdiction "throughout the state." § 905.34, Fla. Stat. (2021).

Likewise, the majority's reliance on *In re: Final Report of the 20th Statewide Grand Jury*, 343 So. 3d 584 (Fla. 4th DCA 2022), is misplaced. That case addressed whether portions of a grand jury report should be expunged, not whether a statewide grand jury may indict for violations of its own secrecy provisions. Importantly, Judge Warner, *concurring in part*, rejected the notion that section 905.395 and section 905.27 should be read in isolation. Instead, she read the statutes in harmony, concluding that section 905.395's broad prohibition against disclosure subsumes section 905.27's specific limits on revealing testimony, thereby reinforcing, rather than conflicting with, traditional secrecy protections. *Id.* at 598–99 (Warner, J., concurring in part and dissenting in part). Her analysis underscores the settled rule that statutory provisions should be construed together where possible, so that each retains effect.

Here, that principle of harmony demonstrates section 905.395 operates consistently with section 905.34. Reading section 905.395 as unenforceable by statewide grand juries deprives it of meaningful effect in the very context where secrecy matters most: investigations spanning multiple circuits with heightened public scrutiny.

Finally, the majority's interpretation of sections 905.395 and 905.34 obstructs those statutes' clear purpose of protecting the integrity of statewide grand jury proceedings. Here, the text unequivocally permits the subject indictment.

The majority also relies on this Court's decision in *State v. Runcie*, 395 So. 3d 1070 (Fla. 4th DCA 2024). But *Runcie* reversed the dismissal of an indictment on the ground that a statewide grand jury is statutorily empowered to prosecute perjury occurring in two or more judicial circuits. In so doing, the Court summarily dismissed, without analysis, the State's alternative contention that jurisdiction could also rest on the superintendent's phone call or on some non-textual "inherent authority" of the statewide grand jury. Because that dismissal was unnecessary to the Court's holding, it constitutes dicta rather than binding precedent. *See United States v. Kaley*, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009) (explaining dictum is "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding"); *see also Cohens v. Virginia*, 19 U.S. 264, 399 (1821) (stating "general expressions" not necessary to the decision "ought not to control the judgment in a subsequent suit"). Accordingly, *Runcie* does not resolve

whether a statewide grand jury may indict for violations of secrecy under section 905.395.

### Conclusion

The Legislature equipped statewide grand juries with the same secrecy protections and duties as county grand juries, absent inconsistency. Section 905.395 is not inconsistent—it is essential. By disclosing confidential matters, Myrick struck at the heart of the statewide grand jury process. The trial court correctly denied her motion to dismiss. For these reasons, I would affirm.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***